IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| --- | --- | --- |
|  | : | 4:04CV01448-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : |  |
|  | : |  |
| SHERRI BARLOW, *et al.* | : | PLAINTIFFS |
| v. | : |  |
| WYETH, INC., *et al.* | : | DEFENDANTS |

## ORDER

Pending is Defendants' Motion to Sever PPO-9 Plaintiffs Before Remand (Doc. No. 24). Plaintiffs have responded[1] and Defendants have replied.[2] After reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints, as well as the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion is GRANTED.

Under Rule 21 of the Federal Rules of Civil Procedure, <u>every</u> plaintiff other than the first named plaintiff,[3] is DROPPED from this civil action as follows:

(1) Dropped plaintiffs have 30 days from the date of this Order to file new, individual[4] complaints in a proper venue. The complaints should be served in accordance with the Rules of Civil Procedure.

---

[1] Doc. No. 32.

[2] Doc. No. 38.

[3] Plaintiffs Sherri Barlow and Mark Barlow will remain in the original lawsuit.

[4] An exception to this Order is that a plaintiff and her spouse and children (or any other associated derivative claimant) need not be severed from each other.

1

(2) It seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[5] regarding the court in which these cases might be refiled.  This observation is, of course, hortatory vice mandatory.

(3) Without further order of the Court, claims of dropped plaintiffs who do not file new civil actions within the 30 day period will be considered dismissed without prejudice.

(4) Dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes for 30 days after the date of this Order or until the filing of their new complaints in the appropriate venue -- whichever is first.

(5) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(6) Counsel are reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

(7)  The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of § 1407 transfers of these cases back to MDL No. 1507 for coordinated and consolidated pretrial proceedings.

**The following applies <u>only</u> to Plaintiffs Joanne Chapan, Virginia Coons, Phyllis Controneo, Michelle Dittmar, Rochelle Epstein, Myrna Fischer, Marie Giammanco, Andrea Goldfried, Patricia Gruter, Kathy Kopetic, Sheila Mann, Maureen McCormack, Miriam McIntosh, Diane Mendick, Lucille Mescall, Lynn Morris, Arlene Nannery, Ethel Simmons,**

---

[5]By telephone, if not in the flesh.

**Mary Skelly, Dianne Starling, Frances Tousa, Delores Traver, and Rita Treadaway (and any named spouses):**

(8) Since the parties have indicated that Plaintiffs listed immediately above no longer need to be consolidated in MDL No. 1507 (*e.g.*, all consolidated discovery has been completed in their cases), if they commence new individual actions, they must promptly file a statement with that court indicating that their case is not appropriate for transfer to MDL No. 1507, because: (1) the plaintiff was previously a party in that multidistrict litigation (specifically, in Case No. 4:04CV01448-WRW); and (2) the presiding judge in MDL No. 1507 determined that the continued inclusion of the plaintiff's claims in the multidistrict litigation was no longer warranted. A copy of this Order must be attached to that statement.

IT IS SO ORDERED this 20th day of January, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE